UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **OMAR ALEJANDRO MEDINA**, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-cv-896 (TSC) |
| | ) ) | |
| **UNITED STATES ATTORNEY'S OFFICE DISTRICT OF COLUMBIA and CALIFORNIA STATE LOTTERY**, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Omar Medina filed this action in the District of Columbia Superior Court against the California state lottery and the United States Attorney's Office for the District of Columbia, the latter of which removed the action to this court. (ECF No. 1.) Rule 8(a) of the Federal Rules of Civil Procedure requires that complaints contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). This ensures that defendants receive fair notice of the claim against them so that they can prepare a responsive answer and an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Medina's Complaint does not meet Rule 8's pleading requirements. His Complaint discusses the lottery, but there is no indication that he was a participant in

the lottery, and he does not provide any facts which might support a cognizable claim involving the California lottery:

> As I have mentioned to one of the defendants before, my privacy is currently being violated. Also, consider whoever is doing this is not using logic, they think putting me in a dire situation where I am being watched like a hack will make the state lotto company feel bad for me and one day make me a jackpot prize winner.
>
> Fact: It will never happen unless of course you, California Lottery, has to admit to certain practices which it is believe better to discuss this matter with me in private. Together we can strive to make this matter make sense for both of us.

(ECF No. 1-1, ECF p. 9.)

In his Complaint and attached documents, Medina alleges that his privacy has been violated and asserts a breach of contract claim, but he does not proffer any factual support for his claims:

> In addition to being bothered at home, and making my environment a stressful one, I have struggled to keep myself from ever advertising any history of "botherance" occurring in my home committed by the privacy violators so their history is not copied somewhere else in the country; I can't have this crap in my conscious. . . .
>
> What, I seek:
>
> Very simple, temporary monetary relief to me as soon as possible for relief from privacy violators actions and noise problem at home, and, to work on my project(s) in private instead of out in the open since my privacy is not being respected at all. . . . [T]he money [will] be used for . . . AVOID MY PRIVACY FROM BEING VIOLATED AND TO COMBAT THE NOISE ISSUE AT MY HOME . . .
>
> . . . .
>
> Dear US Attorney General,
>
> Hope to find you in good spirits. The same problem that put me in the ER at the local hospital has not yet been resolved. . . . Doctor's diagnosis:

> shortness of breath. . . .   Since "fear" can induce rapid breathing, it is safe that the noise issue in my home is the culprit of I having to go the hospital for treatment.
>
> . . . .
>
> To whom it concerns at the US attorney's office,
>
> Hope this letter finds you well as it relates to a complimentary temporary alternative to a resolution to the charge brought on you at the Superior Court of the District of Columbia that of breach of contract-complaint. . . . Noise problem at home has not stopped and continues on to this very day.
>
> . . . .
>
> Both Defendants named in the complaint are brought to the attention of this court for breach of contract.  Too many times have the Defendant(s) contacted in order to reach some kind of resolution as to their failing to live up to their duties to the Plaintiff, but to no avail

(*Id*. ECF pp. 15, 9, 16, 23.)

Medina's "confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).   Accordingly, the court will dismiss this action.

In so doing, this court notes that to the extent Medina has any viable claims, venue would seem to lie in California, not the District of Columbia:

> California is a state of the UNITED STATES.  Attorney general represents the UNITED STATES. . . . As far as CALIFORNIA STATE LOTTERY is concerned, it adheres to making large payouts to its customers who win large amounts of money in the millions and billions of dollars.  In addition, it contributes to making winners of their produces pay 24 percent to 30 percent of their total winnings to the US government, as it is understood.

(*Id*. ECF p. 10.)

For all of the above reasons, this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: April 28, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge